# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| Sonys Chavez,<br>Nicolas Baez Reyes,<br>Aura Olivares and<br>Kenia Mas Garcia,<br><br>          Plaintiffs,<br>v.<br><br>Wolfpack Workforce, LLC.,<br><br>          Defendant. | Case No. 5:23-cv-766<br><br><br><br>PLAINTIFFS DEMAND<br>TRIAL BY JURY |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE U.S. DISTRICT JUDGE:

### COMPLAINT

Plaintiffs, Sonys Chavez ("Plaintiff" or "Chavez"), Nicolas Baez Reyes ("Plaintiff" or "Baez"), Aura Olivares ("Plaintiff" or "Olivares"), and Kenia Mas Garcia ("Plaintiff" or "Mas"), by and through their attorney, James M. Dore, complain against Wolfpack Workforce, LLC. ("Defendant" or "Wolfpack"). In support of this Complaint, Plaintiffs state:

### Introduction

1. This action seeks redress for Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related state law claims, for Defendant's failure to pay overtime wages owed.

### Parties

2. Chavez is a resident of Hialeah, Florida; and he was employed by Wolfpack.

3. Baez is a resident of Miami, Florida; and he was employed by Wolfpack.

4. Olivares is a resident of Orlando, Florida; and she was employed by Wolfpack.

5. Mas is a resident of Homestead, Florida; and he was employed by Wolfpack.

6. Wolfpack is a business that is located, headquartered, and conducts business in San Antonio, Texas.

7. Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce.

## Jurisdiction And Venue

8. The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

9. Venue is proper in the Western District of Texas because all underlying facts and transactions occurred in or about Bexar County, Texas.

## Facts Common To All Claims

10. Wolfpack is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity.

## COUNT I: VIOLATION OF THE FLSA
### (Chavez v. Wolfpack)

11. Plaintiff reincorporates by reference Paragraphs 1 through 10, as if set forth in full herein for Paragraph 11.

12. Plaintiff began working at Defendants in or before October 2022, through December 16, 2022.

13. At all times, Plaintiff held the same position with Defendants, he was a construction labor. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA

because he was employed by Defendants to perform construction and carpentry work for remodeling residential and commercial properties, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

14. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 84 hours per week.

15. Plaintiff was paid their wages on a(n) daily basis.

16. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

17. Plaintiff's rate of pay was $18.00 per hour.

18. Throughout the course of Plaintiff's employment with Defendants, Defendant regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

19. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

20. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

21. Plaintiff is entitled to recover unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $8,172.00 in unpaid wages; (ii) liquidated damages of $8,172.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit A.

WHEREFORE, Plaintiff Sonys Chavez respectfully requests that the Court enter a judgment in their favor and against Defendant Wolfpack for:

  A. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $8,172.000 award liquidated damages in an amount equal to at least $8,172.00;

  B. A declaration that Defendants violated the FLSA;

  C. An award reasonable attorneys' fees and costs; and

  D. Any such additional or alternative relief as this Court deems just and proper.

### COUNT II: VIOLATION OF THE FLSA
### (Baez v. Wolfpack)

22. Plaintiff reincorporates by reference Paragraphs 1 through 21, as if set forth in full herein for Paragraph 22.

23. Plaintiff began working at Defendants in or before October 2022, through December 16, 2022.

24. At all times, Plaintiff held the same position with Defendants, he was a construction labor. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform construction and carpentry work for remodeling residential and commercial properties, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

25. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 84 hours per week.

26. Plaintiff was paid their wages on a(n) daily basis.

27. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

28. Plaintiff's rate of pay was $18.00 per hour.

29. Throughout the course of Plaintiff's employment with Defendants, Defendant regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

30. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

31. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

32. Plaintiff is entitled to recover unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $8,172.00 in unpaid wages; (ii) liquidated damages of $8,172.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit B.

WHEREFORE, Plaintiff Nicolas Baez Reyes respectfully requests that the Court enter a judgment in their favor and against Defendant Wolfpack for:

A. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $8,172.00;

B. An award liquidated damages in an amount equal to at least $8,172.00;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

### COUNT III: VIOLATION OF THE FLSA
### (Olivares v. Wolfpack)

33. Plaintiff reincorporates by reference Paragraphs 1 through 32, as if set forth in full herein for Paragraph 33.

34. Plaintiff began working at Defendants in or before October 2022, through December 16, 2022.

35. At all times, Plaintiff held the same position with Defendants, she was a janitor. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform janitorial duties at a construction site such as cleaning and sanitizing portable sanitation products, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

36. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 84 hours per week.

37. Plaintiff was paid their wages on a(n) daily basis.

38. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

39. Plaintiff's rate of pay was $18.00 per hour

40. Throughout the course of Plaintiff's employment with Defendants, Defendant regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

41. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

42. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

43. Plaintiff is entitled to recover unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $3,744.00 in unpaid wages; (ii) liquidated damages of $3,744.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit C.

WHEREFORE, Plaintiff Aura Olivares respectfully requests that the Court enter a judgment in their favor and against Defendants Wolfpack for:

A. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $3,744.00;

B. An award liquidated damages in an amount equal to at least $3,744.00;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

## COUNT IV: VIOLATION OF THE TEXAS LABOR CODE
### (Olivares v. Wolfpack)

44. Plaintiffs incorporates by reference Paragraphs 1-43, as if set forth in full herein for this Paragraph 44.

45. Defendants are each an "employer" as that term is defined in Texas Labor Code 62.002(2)(6).

46. Plaintiff is an "employee" as that term is defined in Texas Labor Code 62.002(2)(5).

47. Defendants failed to pay Plaintiff the minimum wage for all regular and overtime e hours in violation of the FLSA and in violation of the Texas Labor Code 62.002(2)(6).

48. The Texas Labor Code provides that Plaintiff is entitled to the amount of the unpaid wages plus an additional equal amount as liquidated damages, plus attorney's fees and costs.

49. Plaintiff hereby consents in writing to this action and verifies the same. See attached Exhibit G.

50. Plaintiff is entitled to recover unpaid minimum wages and overtime wages and liquidated damages for up to two (2) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $3,816.00 in unpaid overtime wages; (ii) liquidated damages of $3,816.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. Ex. C.

**WHEREFORE**, Plaintiff Aura Olivares respectfully requests that the Court enter judgment in his favor and against Defendant Wolfpack for:

A. The amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $3,816.00;

B. An award liquidated damages in an amount equal to at least $3,816.00;

C. A declaration that Defendants violated the Texas Labor Code;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

## COUNT V: VIOLATION OF THE FLSA
### (Mas v. Wolfpack)

51. Plaintiff reincorporates by reference Paragraphs 1 through 50, as if set forth in full herein for Paragraph 51.

52. Plaintiff began working at Defendants in or before August 3, 2022, through October 8, 2022.

53. At all times, Plaintiff held the same position with Defendants, she was a janitor. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform janitorial duties at a construction site such as cleaning and sanitizing portable sanitation products, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

54. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 84 hours per week.

55. Plaintiff was paid their wages on a(n) daily basis.

56. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

57. Plaintiff's rate of pay was $18.00 per hour

58. Throughout the course of Plaintiff's employment with Defendants, Defendant regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

59. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

60. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

61. Plaintiff is entitled to recover unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $3,348.00 in unpaid wages; (ii) liquidated damages of $3,348.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit D.

WHEREFORE, Plaintiff Kenia Mas Garcia respectfully requests that the Court enter a judgment in their favor and against Defendants Wolfpack for:

A. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $3,348.00;

B. An award liquidated damages in an amount equal to at least $3,348.00;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

### COUNT VII: VIOLATION OF TEXAS LABOR CODE
### (Mas v. Wolfpack)

62. Plaintiffs incorporates by reference Paragraphs 1-61, as if set forth in full herein for this Paragraph 62.

63. Defendants are each an "employer" as that term is defined in Texas Labor Code 62.002(2)(6).

64. Plaintiff is an "employee" as that term is defined in Texas Labor Code 62.002(2)(5).

65. Defendants failed to pay Plaintiff the minimum wage for all regular and overtime e hours in violation of the FLSA and in violation of the Texas Labor Code 62.002(2)(6).

66. The Texas Labor Code provides that Plaintiff is entitled to the amount of the unpaid wages plus an additional equal amount as liquidated damages, plus attorney's fees and costs.

67. Plaintiff hereby consents in writing to this action and verifies the same. See attached Exhibit H.

68. Plaintiff is entitled to recover unpaid minimum wages and overtime wages and liquidated damages for up to two (2) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $3,816.00 in unpaid overtime wages; (ii) liquidated damages of $3,816.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. Ex. D.

**WHEREFORE**, Plaintiff Kenia Mas Garcia respectfully requests that the Court enter judgment in his favor and against Defendant Wolfpack for:

A. The amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $3,816.00;

B. An award liquidated damages in an amount equal to at least $3,816.00;

C. A declaration that Defendants violated the Texas Labor Code;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

s/ James M. Dore

**Justicia Laboral LLC**
**James M. Dore**
Texas Bar No. 24128272

*Attorneys for Plaintiffs*
6232 N. Pulaski Road, Suite 300
Chicago, IL 60646
P: 773-415-4898
E: jdore@justicialaboral.com

**Plaintiffs request trial by jury for all counts where allowed**